IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larry A. White, | ) | Case No. 9:25-cv-13877-JDA-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Jamie Shaw, Jeremy Smith, Kevin Blake, South Carolina Law Enforcement Division, State of South Carolina, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge.  [Docs. 1; 6.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On February 6, 2026, the Magistrate Judge issued a Report recommending that Plaintiff's Complaint be dismissed without prejudice, without leave to amend, and without issuance and service of process because the action was barred by *Younger v. Harris*, 401 U.S. 37 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994); Plaintiff's deadline for his 42 U.SC. § 1983 claims had lapsed under the applicable statute of limitations; certain Defendants were immune from suit; the Complaint otherwise failed to state a federal claim for relief; and the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  [Doc. 6.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious

consequences if he failed to do so. [*Id.* at 14.] Plaintiff has not filed timely objections, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the Complaint is DISMISSED without prejudice, without leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 9, 2026
Charleston, South Carolina

2

## <u>NOTICE OF RIGHT TO APPEAL</u>

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.